Michael A. Tomasulo (SBN 179389)
tomasulom@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel:   (310) 772-8300
Fax:   (310) 772-8301

Peter Lambrianakos (*pro hac vice*)
lambrianakosp@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Tel:   (212) 277-6500
Fax:   (212) 277-6501

Attorneys for Plaintiff
SAMSUNG ELECTRONICS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., <br><br>　　　　　　Plaintiff, <br><br>　　vs. <br><br>NEW CENTURY IMAGING, INC.; ROYAL OFFICE SUPPLIES, INC.; PI DATA SUPPLIES, LLC; and APEX TRADING LLC, <br><br>　　　　　　Defendants. | **CASE NO. 10-CV-00623-VBF (JCx)** <br><br> Assigned to the Hon. Valerie Baker Fairbank <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT PI DATA SUPPLIES, LLC** |

1   WHEREAS plaintiff Samsung Electronics America, Inc. ("Samsung") and defendant Pi Data Supplies, LLC ("Pi Data") have agreed in a separate confidential Settlement Agreement to settle the matters at issue between them and to entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1.   Samsung asserts claims against Pi Data for trademark counterfeiting, trademark infringement, and false designation of origin under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. § 1051, *et seq.*, and unfair competition under California Business and Professions Code § 17200, *et seq.*, and the common law of the State of California, in connection with Pi Data's alleged sale of three counterfeit toner cartridges bearing unauthorized copies of Samsung's trademarks, all of which claims Pi Data denies.

2.   This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§1331, 1338 and 1367(a), and 15 U.S.C. § 1121(a).  This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction.  Venue is also proper in this Court pursuant to 28 U.S.C. §§1391(b) and (c).

3.   Samsung is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.   Pi Data is a California limited liability company with its principal place of business at 1161 Sandhill Avenue, Carson, CA, 90746.

5.   Samsung asserts, and Pi Data does not dispute, that Samsung is the owner of the trademark "Samsung" in the United States in both character and stylized forms (the "Samsung Marks"), has been granted the registrations by the United States Patent and Trademark Office, including registration nos. 1,164,353 and 2,214,833, and that each of these registrations is currently valid, subsisting and in full force and effect, is

1  registered on the Principal Trademark Register of the United States Patent and
2  Trademark Office, and is incontestable pursuant to 15 U.S.C. § 1065.
3       6.     Samsung asserts, and Pi Data does not dispute, that the Samsung Marks
4  have been extensively and continually used, advertised, and promoted by Samsung in
5  connection with its products, including printers and toner cartridges, within the United
6  States for at least the past 25 years, and that substantial amounts of time, effort, and
7  money have been invested over the years in ensuring that the purchasing public
8  associates the SAMSUNG marks exclusively with Samsung.  As a result of this
9  investment, and the quality of its goods and services, Samsung asserts, and Pi Data
10 does not dispute, that Samsung has achieved a reputation for excellence and enjoys
11 and fulfills a substantial demand for its products and services.
12      7.     Samsung asserts, and Pi Data does not dispute, that by virtue of the
13 extensive scope of sales to consumers, unsolicited press coverage relating to Samsung,
14 and the substantial sums spent to advertise and promote products and services under
15 the Samsung Marks, the marks have acquired a strong secondary meaning in the
16 minds of the purchasing public, and are now highly distinctive and famous, and serve
17 uniquely to identify Samsung's products.  Samsung further asserts, and Pi Data does
18 not dispute, that through widespread and favorable public acceptance and recognition,
19 the Samsung Marks enjoy tremendous goodwill and have become assets of
20 incalculable value as symbols of Samsung's products and services.
21      8.     Samsung asserts, and Pi Data does not dispute, that the sale of counterfeit
22 toner cartridges bearing unauthorized copies of the Samsung Marks would cause
23 damage to Samsung's business, goodwill, reputation, and profits.  Samsung contends
24 that it has no adequate remedy at law for trademark counterfeiting, and that unless
25 counterfeiting of the Samsung Marks is permanently enjoined, Samsung will suffer
26 irreparable harm.
27
28

1    Based upon the stipulation of the parties, it is hereby further ORDERED,
2  ADJUDGED AND DECREED THAT:

3    9.    Pi Data, its officers, directors, members, agents, servants, employees,
4  attorneys, and those in active concert or participation with any of them who receive
5  actual notice of this injunction by personal service or otherwise are permanently
6  restrained and enjoined from

   A.  Using any reproduction, counterfeit, copy or colorable imitation of the
       Samsung Marks to identify any toner cartridges not originating with
       or authorized by Samsung, its parent, Samsung Electronics Co., Ltd.
       ("SEC"), or any subsidiary or affiliate of Samsung or SEC
       (collectively, the "Samsung Entities");

   B.  Using any false description or representation, including words or other
       symbols, tending falsely to describe or represent any toner cartridges
       as originating with or authorized by the Samsung Entities, and from
       offering such goods into commerce;

   C.  Infringing the Samsung Marks by manufacturing, importing,
       exporting, producing, distributing, circulating, selling, marketing,
       offering for sale, advertising, promoting, renting, displaying or
       otherwise transferring to any third party any toner cartridges or their
       packaging not originating with or authorized by the Samsung Entities
       bearing any simulation, reproduction, counterfeit, copy or colorable
       imitation of the Samsung Marks; and

   D.  Effecting assignments or transfers, forming new entities or
       associations or utilizing any other device for the purpose of
       circumventing or otherwise avoiding the prohibitions set forth in
       paragraphs A through C;

1    Notwithstanding the foregoing, Pi Data's distribution, sale, offer for sale or
2 other transfer of counterfeit Samsung toner cartridges shall not be a violation of this
3 paragraph or the Consent Agreement and Permanent Injunction if: (i) Pi Data obtains
4 the counterfeit Samsung toner cartridges from any of the vendors listed in <u>Appendix A</u>
5 to this Judgment without knowledge that the toner cartridges are counterfeit; or (ii) Pi
6 Data submits a sample of suspected Samsung counterfeit toner cartridges to the
7 Imaging Supply Coalition (the "ISC") for authentication, complies with the ISC's
8 rules, and provides Samsung with the name and address of the supplier of any such
9 counterfeit toner cartridge as well as the right to inspect such shipment of counterfeit
10 Samsung toner cartridges received from such supplier.  Samsung shall now notify the
11 ISC that the litigation between it and Pi Data has been concluded to Samsung's
12 satisfaction and that the ISC has Samsung's consent to test any and all toner cartridges
13 submitted to the ISC by Pi Data under the ISC's standard procedures.

14    10.   Service by mail upon the counsel of record of a copy of this Consent
15 Judgment and Permanent Injunction entered by the Court is deemed sufficient notice
16 to Defendants under Rule 65(d) of the Federal Rules of Civil Procedure.  It shall not
17 be necessary for any Defendant to sign any form of acknowledgement of service.

18    11.   Except as otherwise provided for in the Settlement Agreement, the
19 parties shall bear their own attorneys' fees and costs.

20    **IT IS SO ORDERED:**

22 Dated: May 11, 2010        By: _/s/ Valerie Baker Fairbank_____
23                Hon. Valerie Baker Fairbank, U.S.D.J.

24 //
25
26 //
27
28 //

**APPROVED AS TO FORM AND CONTENT:**

Dated: May __, 2010

By: _____
Michael A. Tomasulo (SBN 179389)
tomasulom@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel:     (310) 772-8300
Fax:     (310) 772-8301

Peter Lambrianakos (*pro hac vice*)
LambrianakosP@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY  10019
Tel:     (212) 277-6500
Fax:     (212) 277-6501

Attorneys for Plaintiff
**SAMSUNG ELECTRONICS AMERICA, INC.**

Dated: May__, 2010

By: _____
Robert N. Conrad (SBN 055093)
Robert@ConradLawFirm.com
Robert Nolan Conrad, A Law Corporation
1901 Avenue of the Stars, #1900
Los Angeles, CA 90067
Tel:     (310) 557-2201
Fax:     (310) 557-2033

Attorneys for Defendant
**PI DATA SUPPLIES, LLC**

# Appendix A

**United Stationers Inc.**

One Parkway North Blvd.

Suite 100

Deerfield, IL 60015-2559

(847) 627-7000

www.unitedstationers.com


**Tech Data Corporation**

5350 Tech Data Drive

Clearwater, FL 33760

Main: (727) 539-7429

U.S. Sales: (800) 237-8931

U.S. Customer Service: (800) 237-8931


**Supplies Network**

5 Research Park Drive

St. Charles, MO 63304

sales@suppliesnetwork.com

(800) 729-9300


**S.P. Richards Company**

P.O. Box 1266

Smyrna, GA 30081-1266

(770) 436–6881

1 | **Ingram Micro U.S.**
2 | <u>Corporate Office</u>
3 | 1600 E. St. Andrew Place
4 | Santa Ana, CA 92705-4926
5 | P.O. Box 25125
6 | Santa Ana, CA 92799-5125
7 | (714) 566-1000
8 |
9 | <u>Corporate Office | East</u>
10 | 1759 Wehrle Drive
11 | Williamsville, NY 14221-7887
12 | (716) 633-3600
13 |
14 | Reseller Customer Support
15 | Pre-Sale and Post-Sale
16 | (800) 445-5066
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |