Michael A. Tomasulo (SBN 179389)
tomasulom@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel:   (310) 772-8300
Fax:   (310) 772-8301

Peter Lambrianakos (*pro hac vice*)
lambrianakosp@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Tel:   (212) 277-6500
Fax:   (212) 277-6501

Attorneys for Plaintiff
SAMSUNG ELECTRONICS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEW CENTURY IMAGING, INC.; ROYAL OFFICE SUPPLIES, INC.; PI DATA SUPPLIES, LLC; and APEX TRADING LLC, <br><br> Defendants. | **CASE NO. 10-CV-00623-VBF (JCx)** <br><br> Assigned to the Hon. Valerie Baker Fairbank <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT APEX TRADING LLC** |

WHEREAS plaintiff Samsung Electronics America, Inc. ("Samsung") and defendant Apex Trading LLC ("Apex") have agreed in a separate confidential Settlement Agreement to settle the matters at issue between them and to entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. Samsung asserts claims against Apex for trademark counterfeiting, trademark infringement, and false designation of origin under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. § 1051, *et seq.*, and unfair competition under California Business and Professions Code § 17200, *et seq.*, and the common law of the State of California, in connection with Apex's alleged sale of counterfeit toner cartridges bearing unauthorized copies of Samsung's trademarks;

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§1331, 1338 and 1367(a), and 15 U.S.C. § 1121(a). This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§1391(b) and (c).

3. Samsung is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4. Apex is New York limited liability company with its principal place of business at 787 Kent Avenue, Brooklyn, NY, 11205.

5. Samsung is the owner of the trademark "Samsung" in the United States in both character and stylized forms (the "Samsung Marks") and has been granted the registrations by the United States Patent and Trademark Office, including registration nos. 1,164,353 and 2,214,833. Each of these registrations is currently valid, subsisting and in full force and effect, is registered on the Principal Trademark Register of the United States Patent and Trademark Office, and is incontestable pursuant to 15 U.S.C. § 1065.

6. The Samsung Marks have been extensively and continually used, advertised, and promoted by Samsung in connection with its products, including printers and toner cartridges, within the United States for at least the past 25 years. Substantial amounts of time, effort, and money have been invested over the years in ensuring that the purchasing public associates the SAMSUNG marks exclusively with Samsung.  As a result of this investment, and the quality of its goods and services, Samsung has achieved a reputation for excellence and enjoys and fulfills a substantial demand for its products and services.

7. By virtue of the extensive scope of sales to consumers, unsolicited press coverage relating to Samsung, and the substantial sums spent to advertise and promote products and services under the Samsung Marks, the marks have acquired a strong secondary meaning in the minds of the purchasing public, and are now highly distinctive and famous, and serve uniquely to identify Samsung's products. Through widespread and favorable public acceptance and recognition, the Samsung Marks enjoy tremendous goodwill and have become assets of incalculable value as symbols of Samsung's products and services.

8. The sale of counterfeit toner cartridges bearing unauthorized copies of the Samsung Marks would cause damage to Samsung's business, goodwill, reputation, and profits.  Samsung has no adequate remedy at law for trademark counterfeiting. Unless counterfeiting of the Samsung Marks is permanently enjoined, Samsung will suffer irreparable harm.

Based upon the stipulation of the parties, it is hereby further ORDERED, ADJUDGED AND DECREED THAT:

9. Apex, its officers, directors, agents, servants, employees, attorneys, and those in active concert or participation with any of them who receive actual notice of this injunction by personal service or otherwise are permanently restrained and enjoined from

1  A. Using any reproduction, counterfeit, copy or colorable imitation of the Samsung Marks to identify any toner cartridges not originating with or authorized by Samsung;

B. Using any false description or representation, including words or other symbols, tending falsely to describe or represent any toner cartridges as originating with or authorized by Samsung, and from offering such goods into commerce;

C. Infringing the Samsung Marks by manufacturing, importing, exporting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any toner cartridges or their packaging not originating with or authorized by Samsung bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Samsung Marks; and

D. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs A through C;

provided, however, that Apex's distribution, sale, offer for sale or other disposal of counterfeit Samsung toner cartridges shall not be a violation of this paragraph if Apex obtains the counterfeit Samsung toner cartridges from any of the vendors listed in Appendix A to this Order, or from such other vendors to which the parties may agree, in writing.

10. Service by mail upon the counsel of record of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice to Defendants under Rule 65(d) of the Federal Rules of Civil Procedure. It shall not be necessary for any Defendant to sign any form of acknowledgement of service.

1    11.   Except as otherwise provided for in the Settlement Agreement, the
2  parties shall bear their own attorneys' fees and costs.
3    **IT IS SO ORDERED:**

5  Dated: May 11, 2010            By: /s/ Valerie Baker Fairbank
6                                     Hon. Valerie Baker Fairbank, U.S.D.J.

**APPROVED AS TO FORM AND CONTENT:**

9  Dated:      May __, 2010

                                   By: _____
                                   Michael A. Tomasulo (SBN 179389)
                                   tomasulom@dicksteinshapiro.com
                                   DICKSTEIN SHAPIRO LLP
                                   2049 Century Park East, Suite 700
                                   Los Angeles, CA 90067
                                   Tel:    (310) 772-8300
                                   Fax:    (310) 772-8301

                                   Peter Lambrianakos (*pro hac vice*)
                                   LambrianakosP@dicksteinshapiro.com
                                   DICKSTEIN SHAPIRO LLP
                                   1633 Broadway
                                   New York, NY  10019
                                   Tel:    (212) 277-6500
                                   Fax:    (212) 277-6501

                                   Attorneys for Plaintiff
                                   **SAMSUNG ELECTRONICS AMERICA, INC.**

Dated:      May __, 2010

                                   By: _____
                                   Solomon E. Antar
                                   Attorney at Law
                                   42 Falmouth Street
                                   Brooklyn, N.Y. 11235
                                   Tel:    (718) 769-3200
                                   Fax:    (718) 504-6138
                                   Email:  seaesq@msn.com

                                   Attorneys for Defendant,
                                   **APEX TRADING LLC**

# Appendix A

**United Stationers Inc.**

One Parkway North Blvd.

Suite 100

Deerfield, IL 60015-2559

(847) 627-7000

www.unitedstationers.com


**Tech Data Corporation**

5350 Tech Data Drive

Clearwater, FL 33760

Main: (727) 539-7429

U.S. Sales: (800) 237-8931

U.S. Customer Service: (800) 237-8931


**Supplies Network**

5 Research Park Drive

St. Charles, MO 63304

sales@suppliesnetwork.com

(800) 729-9300


**S.P. Richards Company**

P.O. Box 1266

Smyrna, GA 30081-1266

(770) 436–6881

1 | **Ingram Micro U.S.**
2 | Corporate Office
3 | 1600 E. St. Andrew Place
4 | Santa Ana, CA 92705-4926
5 | P.O. Box 25125
6 | Santa Ana, CA 92799-5125
7 | (714) 566-1000
8 |
9 | Corporate Office | East
10 | 1759 Wehrle Drive
11 | Williamsville, NY 14221-7887
12 | (716) 633-3600
13 |
14 | Reseller Customer Support
15 | Pre-Sale and Post-Sale
16 | (800) 445-5066